**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2988-17T3

STACEY SHUTE,

    Plaintiff-Respondent,

v.

HARRY SHUTE,

    Defendant-Appellant.

_____

Submitted May 6, 2020 – Decided May 28, 2020

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0605-16.

John C. Penberthy, III, attorney for appellant.

Christopher Michael Manganello, attorney for respondent.

PER CURIAM

    Defendant Harry Shute appeals from a January 22, 2018 order amending the parties' Final Judgment of Divorce, which the trial court entered after a

multi-day bench trial.[1]  Defendant argues that the court erred by granting plaintiff Stacey Shute's request for a credit as part of equitable distribution for funds she provided for the purchase of the land on which the former marital home was constructed.  Defendant also asserts that the court incorrectly denied his application for a credit representing the funds he allegedly used from an annuity to pay off the mortgage on the home.

Based on our review of the record and the applicable law, we conclude that defendant's arguments are without sufficient merit to warrant extended discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We affirm substantially for the reasons set forth in the trial court's thorough August 18, 2017 decision, as memorialized in the January 22, 2018 order.  We add the following brief comments.

The scope of our review of the Family Part's order is limited.  We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.  Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).  Thus, "[a] reviewing court should uphold the factual findings

---

[1]  The judge who conducted the bench trial retired after the trial concluded. However, she first set forth her findings of fact and conclusions of law in a thorough and thoughtful oral decision rendered on August 18, 2017.  Another Family Part judge subsequently issued the January 22, 2018 order that is the subject of this appeal based on the first judge's detailed opinion.

undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record."  MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

We owe no special deference to the trial court's legal conclusions. Manalapan Realty, L.P. v. Township Committee of Manalapan, 140 N.J. 366, 378 (1995).  However, we will not interfere with "'the factual findings and legal conclusions of the trial [court] unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion."  Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (second alteration in original) (quoting Cesare, 154 N.J. at 412).  We will reverse the Family Part's decision "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' . . . to ensure that there is not a denial of justice."  N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

Applying these principles, defendant's arguments concerning the January 22, 2018 order reveal nothing "so wide of the mark" that we could reasonably

A-2988-17T3

conclude that a clear mistake was made by the trial court. The record amply supports the court's factual findings, and, in light of those findings, its legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2988-17T3